EDNA T. CLARK ET AL., PLAINTIFFS-APPELLANTS, v. BOROUGH OF CLIFFSIDE PARK ET AL., DEFENDANTS-RESPONDENTS.

Argued February 15, 1933—Decided May 15, 1933.

For the appellants, *George S. Silzer.*

For the respondents, *John E. Selzer* and *John G. Flannigan.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of nonsuit in an action in the Supreme Court tried at the Bergen Circuit.

The borough of Cliffside Park, in preparation for a celebration and dedication of a soldiers' monument on Decoration Day, 1929, through action of its governing body, appointed a committee of some of its own members and citizens for the purpose of making proper and suitable arrangements, among which things to be done was the erection and securing of certain stands to accommodate the public and those participating in the services.

The chairman of this committee applied to a corporation known as the Thomas A. Deming Company, Incorporated, which seems to have specialized in this class of work, with the result that this company was engaged to erect and rent to the borough certain specified stands and chairs to be used thereon.

In connection with, and as one of the features of the celebration, one Blanche Arral Wheeler arranged for and trained a, so-called, community chorus, and in order to secure to the members of such chorus a sitting place on one of these stands, erected for such purpose, she was authorized by the committee to issue, and did issue, tickets for that purpose to the several members of the chorus. The plaintiffs below were members of this chorus and to them and others were issued tickets of the kind, and for the purpose, before referred to, by Blanche Arral Wheeler, and the plaintiffs took and occupied seats upon the stand erected for such purpose. On the day of the ceremonies and after the services had, to some extent, proceeded, the stand collapsed, and the plaintiff Edna T. Clark was seriously injured.

She, with her husband, brought action against the borough of Cliffside Park, a municipal corporation, against the mayor and councilmen, the members of the committee, Blanche Arral Wheeler and Thomas A. Deming, individually, for damages sustained by her and her husband resulting from the alleged negligence of them, all or some, in the erection of the stand that collapsed.

At the trial the only proof of negligence was the undisputed fact that the stand collapsed and the testimony of the plaintiff Mrs. Clark that after the collapse of the stand she

found a piece of wood, full of nailholes and which "looked like it had been used a dozen or more times."

As has already been stated, the trial judge directed a nonsuit as to all of the defendants.

This was upon the ground that no negligence had been established which was imputable to any of the defendants. This judgment we are now asked to reverse. Several grounds are urged for such reversal, but none of them appeals to us as having factual or legal merit except those addressed to the position and status of the defendant Thomas A. Deming, who was the representative of the Thomas A. Deming Company, Incorporated, who represented such company to be skilled in this class of work, to whom was detailed the uses to which the stand in question was to be put, the number of persons who would occupy it, the location at which it was to be erected and where in fact it was constructed, under the direct supervision and control of Deming as the agent of the corporation which, undisputedly he represented, spoke and acted for. The corporation was not made a party defendant. It undoubtedly occupied the position or relation of an independent contractor.

We conclude that the collapse of the stand plus the testimony of the plaintiff, before referred to, spoke negligence in the construction and erection thereof. At least these proofs were sufficient to require the sending of this question to the jury for solution and determination.

The remaining question is, assuming that the jury should find that the proofs established negligence, could that negligence be imputed and charged to the defendant Deming personally, as the agent of the corporation which he represented and acted for?

It seems to us to be settled, and sound, that where "an injury is caused by the negligence of an agent, acting in the line of his employment, the action may be joint against such agent and his principal, or may be separate against either."

Such was the principle enunciated by Chief Justice Beasley in *Newman* v. *Fowler,* 37 *N. J. L.* 89, in 1874, and by the late Chief Justice Gummere in *Whalen* v. *Pennsylvania Railroad Co.,* 73 *Id.* 192, in 1906.

Both of these are opinions delivered in the Supreme Court, but the reasoning in both is sound and appears never to have been questioned by this court. In fact it is quite impossible to imagine how such legal logic can be overcome and argued down. Corporations, of necessity, must act through agents and certainly where an act within the line of the agent's employment is negligently performed not only is the agent, in person, answerable for damages proximately resulting therefrom but so also is his principal, and either or both. *Tompkins* v. *Burlington, &c., Co.,* 102 *N. J. L.* 411.

We conclude, therefore, that the judgment of nonsuit in so far as the defendant Thomas A. Deming is concerned was error and such judgment as to him must be reversed and the judgment as to the other defendants affirmed.

*For affirmance in part*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 12.

*For reversal in part*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 12.